**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARTA LILIAN FLORES-CISNEROS and WILLIAM DANIEL CISNEROS-FLORES, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73015 <br><br> Agency Nos. A098-993-519 <br> A098-993-520 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE and THOMAS, Circuit Judges.

Petitioner Marta Lilian Flores-Cisneros and her son William Daniel

Cisneros-Flores, natives and citizens of El Salvador, petition pro se for review of a

Board of Immigration Appeals order dismissing their appeal from an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Petitioners do not challenge the Board's determination that no exceptions applied to excuse petitioners' untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring petitioner to apply for asylum within one year of arrival in United States unless prevented by extraordinary circumstances or changed circumstances materially affecting eligibility for relief); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090 (9th Cir. 2010) (per curiam). Petitioners have therefore waived any challenge to the denial of their asylum application. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Substantial evidence supports the Board's alternative denial of asylum on the merits, as well as the denial of withholding of removal because petitioners failed to show their alleged persecutors threatened them on account of a protected ground. Their fear of future persecution based on gang violence is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to

09-73015

victims of civil strife, unless they are singled out on account of a protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that petitioners did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**