**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ALCIDES-TORRES, a.k.a. Jorge Mauricio Aldaco, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72365 <br><br> Agency No. A097-761-670 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Jorge Alcides-Torres, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Alcides-Torres established changed or extraordinary circumstances sufficient to excuse his delay in filing his asylum application. *See* 8 C.F.R. § 1208.4(a); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090-92 (9th Cir. 2010) (per curiam); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). Accordingly, we deny the petition as to Alcides-Torres' asylum claim.

Substantial evidence supports the agency's determination that Alcides-Torres failed to establish the harm he suffered, or fears, from gangs is on account of any protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992) (forced recruitment by persecutors seeking to fill their ranks is not necessarily persecution on account of political opinion); *Barrios*, 581 F.3d at 855-56 (9th Cir. 2009) (petitioner who resisted gang recruitment did not establish persecution on account of social group or political opinion); *Ramos-Lopez v. Holder*, 563 F.3d

855, 862 (9th Cir. 2009) (same).  Accordingly, Alcides-Torres' withholding of removal claim fails.  *See Barrios*, 581 F.3d at 856; *Ramos-Lopez*, 563 F.3d at 862.

Finally, substantial evidence also supports the agency's denial of CAT relief because Alcides-Torres did not establish a likelihood of being tortured in El Salvador.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**