**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



**FILED**

JAN 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOE TIN-U, | No. 06-72328 |
| Petitioner, | Agency No. A095-185-230 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 2, 2010[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and JONES, District
Judge.[***]

Petitioner Moe Tin-U, a native and citizen of Burma, seeks review of a

Board of Immigration Appeals (BIA) order denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert Clive Jones, United States District Judge for
the District of Nevada, sitting by designation.

withholding of removal, and protection under the Convention Against Torture (CAT). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We affirm.

We have jurisdiction to review the timeliness of Petitioner's application for asylum and the exceptional circumstances exception. *Husyev v. Mukasey*, 528 F.3d 1172, 1179–80 (9th Cir. 2008). Petitioner failed to file his application for asylum within one year after the date of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Petitioner did not show that he had extraordinary circumstances justifying his five-month delay in filing his petition for asylum upon expiration of his visa. *See Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090–91 (9th Cir. 2010).

The BIA did not err in ruling that Petitioner failed to show a clear probability that he would be subject to future persecution because he is gay or because he expressed his political opinions. *See INS v. Stevic*, 467 U.S. 407, 429–30 (1984). Further, although Petitioner may be arrested on his return for failing to maintain a passport, he did not prove that such arrest will more likely than not result in torture in contravention of the CAT. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007) (holding that even though petitioner suffered persecution by being arrested and beaten on account of his political opinions, such conduct did not rise to the level of torture).

**PETITION DENIED**.