**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS CHALE-RODRIGUEZ, | No. 08-70775 |
| Petitioner, | Agency No. A098-402-724 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011**

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Jose Luis Chale-Rodriguez, native and citizen of Peru, petitions for review

of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

The record does not compel the conclusion that Chale-Rodriguez's untimely asylum application is excused by extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam). We lack jurisdiction to consider Chale-Rodriguez's contention that his untimely asylum application is excused by changed circumstances because it is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, we further reject Chale-Rodriguez's contention that the agency violated his due process rights by not considering changed circumstances. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2006) (petitioner must show error and prejudice to establish a due process violation). Accordingly, Chale-Rodriguez's asylum claim fails.

Substantial evidence supports the agency's finding that Chale-Rodriguez failed to demonstrate past persecution based on the threats, harassment, and robbery Chale-Rodriguez and his family suffered. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003). In addition, substantial evidence supports the

agency's finding that Chale-Rodriguez failed to show a clear probability of future persecution from the Sendero Luminoso because, while his similarly situated father has received threats, the Sendero Luminoso has not harmed his father. *See Lim v. INS*, 224 F.3d 929, 938 (9th Cir. 2000). Accordingly, Chale-Rodriguez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Chale-Rodriguez has not established a likelihood of torture by or with the acquiescence of the Peruvian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**