FILED

JUL 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEGUNDO ALBERTO PALMA-CARRILLO, a.k.a. Segundo Palma-Carrillo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-71121 <br><br> Agency No. A078-019-474 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011**

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Segundo Alberto Palma-Carrillo, a native and citizen of Peru, petitions pro

se for review of the Board of Immigration Appeals' affirmance of an immigration

judge's denial of his application for asylum, withholding of removal, and

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Palma-Carrillo established extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010) (concluding that, separately or taken together, an asylum applicant's inability to speak English, his two-months in an immigration detention center, and the transfer of his case were not "extraordinary circumstances" that would excuse his  excusing his untimely filing).

Substantial evidence supports the agency's denial of Palma-Carrillo's withholding of removal claim because the unfulfilled threats he received from unidentified individuals connected with the Sendero Luminoso do not compel the conclusion that he was persecuted or that it is more likely than not that he will be persecuted. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (finding no past persecution or well-founded fear of future persecution where applicant "received only telephone or written threats, and never had a personal confrontation with any of the people threatening him").

Finally, substantial evidence supports the agency's denial of relief under CAT because Palma-Carrillo failed to show it is more likely than not that he will be tortured if returned to Peru. *See Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) (explaining that "torture is more severe than persecution" and CAT claims must satisfy a "more likely than not" burden of proof).

**PETITION FOR REVIEW DENIED.**