**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANCE KARAMOY WENAS et al., | No. 08-71776 |
| Petitioners, | Agency Nos.    A095-302-046 |
| v. | A095-302-047 |
|  | A095-302-048 |
| ERIC H. HOLDER, Jr., Attorney General, |  |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Ance Karamoy Wenas and her family, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that petitioners have established extraordinary circumstances to excuse their untimely asylum application.  *See* 8 U.S.C. § 1158(a)(2)(D); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam).  Accordingly, petitioners' asylum claim fails.

Substantial evidence supports the agency's finding that the harassment Wenas and her family experienced, and the beating of her son, did not rise to the level of persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003).  The record also does not compel the conclusion that petitioners have a clear probability of future persecution.  *See Fakhry v. Mukasey*, 524 F.3d 1057, 1065-66 (9th Cir. 2008).

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not that they will be tortured if returned to Indonesia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**