**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKASH DEEP HOTHI, a.k.a. Paramjit Singh, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71593 <br><br> Agency No. A097-548-913 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Akash Deep Hothi, a.k.a. Paramjit Singh, a native and citizen of India,

petitions for review of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Hothi's failure to establish his identity, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and inconsistencies between Hothi's testimony and supporting documentation regarding where Indian police detained him during his arrests, *see Chebchoub*, 257 F.3d at 1043 (inconsistencies related to basis for alleged fear of persecution go the heart of the claim). The IJ's negative assessment of Hothi's demeanor also supports the agency's adverse credibility finding. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) ("special deference" given to credibility determinations based on applicant's demeanor). In the absence of credible testimony, Hothi's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Hothi's CAT claim is based on the same testimony found to be not credible, and because country reports do not show it is more likely than not that he will be tortured if he returned to India, we deny the petition as to the CAT claim. *See id*. at 1156-57. We reject Hothi's contention that the BIA failed to consider evidence of torture in India. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th

Cir. 2006) (applicant must overcome presumption that the BIA considered the evidence of record).

**PETITION FOR REVIEW DENIED.**