FILED

**NOT FOR PUBLICATION**

JAN 23 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJAT KUMAR, a.k.a. Rajat Rajat, a.k.a. Rajat Sharma, <br><br>        Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>        Respondent. | No. 09-72074 <br><br> Agency No. A098-522-873 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

    Rajat Kumar, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing an immigration judge's

decision denying his application for asylum and withholding of removal. We have

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

The record does not compel the conclusion that Kumar established extraordinary circumstances excusing his untimely asylum application. *See* 8 C.F.R. 1208.4(a)(5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010).

Substantial evidence supports the agency's adverse credibility determination, because Kumar admitted he told the Asylum Officer that his entire claim was fabricated, *see Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir. 1985) (history of dishonesty supports an adverse credibility determination), and because of the inconsistencies between his testimony and asylum application as to what police accused him of doing, *see Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (a negative credibility finding will be upheld "so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim."). In the absence of credible testimony, Kumar's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**