**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELICA MARIA ALEMAN, | No. 08-72302 |
| Petitioner, | |
| v. | Agency No. A098-209-621 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 28, 2012[**]

Before:      LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

Angelica Maria Aleman, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Aleman established extraordinary circumstances excusing her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010).

Substantial evidence supports the BIA's finding that, even if credible, Aleman failed to demonstrate that any of the incidents that occurred in El Salvador were on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Aleman's withholding of removal claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Finally, substantial evidence supports the BIA's denial of CAT relief because Aleman failed to establish it is more likely than not she will be tortured if

returned to El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**