# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROGELIO TOJ-CULPATAN,

Petitioner,

v.

ERIC H. HOLDER JR., Attorney
General,

Respondent.

No. 05-72179

Agency No.
A076-690-191

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 1, 2009—San Francisco, California

Filed December 1, 2009
Amended July 22, 2010

Before: Alex Kozinski, Chief Judge, Procter Hug, Jr. and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

10465

**COUNSEL**

Lisa M. Calero, Esquire, Robert L. Lewis, Esquire, LAW OFFICE OF ROBERT L. LEWIS, Oakland, California, Charles E. Nichol, Esq., LAW OFFICES OF CHARLES E. NICHOL, San Francisco, California, for the petitioner.

Antoinette Barksdale, Senior Litigating Attorney, U.S. Department of Justice Civil Division-Appellate, Washington, DC, Ronald E. LeFevre, OFFICE OF THE DISTRICT COUNSEL, Department of Homeland Security, San Francisco, California, Mark Lenard Gross, Esquire, Deputy Chief Counsel, DOJ - U.S. DEPARTMENT OF JUSTICE, Civil Rights Division/Appellate Section, Washington, DC, for the respondent.

**ORDER**

The opinion filed on December 1, 2009 is hereby AMENDED. The amended opinion filed today along with this order replaces it.

Chief Judge Kozinski and Judge Bea have voted to deny the suggestion for rehearing en banc, and Judge Hug has so

recommended. All judges voted to deny the petition for panel rehearing.

The suggestion for rehearing en banc has been circulated to the full court, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35(b).

Petitioner's petition for panel rehearing and suggestion for rehearing en banc are denied.

No further filings will be accepted in this closed case.

---

## OPINION

PER CURIAM:

Rogelio Toj-Culpatan, a native and citizen of Guatemala, petitions for review of an order by the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") denial of Petitioner's requests for asylum, withholding of removal, and deferral of removal under the Convention Against Torture. The IJ denied Petitioner's application for asylum because he did not file his asylum application within one year after his entry into the United States, as required by 8 C.F.R. § 208.4(a)(2), and because he did not face any "extraordinary circumstances" excusing his late filing under 8 C.F.R. § 208.4(a)(5).

Petitioner entered the United States in February 1998 and was immediately detained by the Immigration and Naturalization Service. On March 10, 1998, Petitioner appeared before an IJ and was given extra time to find an attorney. He was also given a list of attorneys willing to take immigration cases pro bono. At a hearing on March 25, 1998, Petitioner told the IJ he "would have problems to go back to my country." The IJ asked Petitioner if he would like to apply for political asy-

lum and Petitioner said he would. The IJ gave him a Form I-589 asylum application along with the instructions and told him, with the help of an interpreter, that the application had to be filled out in English. Petitioner said he understood and agreed to bring the application to his next hearing on April 16, 1998.

At the April hearing, Petitioner, now represented by counsel, had an asylum application to file. The IJ thanked him for filling out his application in a timely manner, but rejected the application because Petitioner filled it out in Spanish instead of English, as required. *See* 8 C.F.R. § 208.3(a) ("An asylum applicant must file Form I-589 . . . in accordance with the instructions on the form"); Instructions for Form I-589 Application for Asylum and for Withholding of Removal at 4 ("answers must be completed in English"). The IJ scheduled Petitioner's next hearing for May 14, 1998, and Petitioner agreed to file the application in English at that time. Counsel specifically told Petitioner that if Petitioner sent counsel the application in Spanish, counsel would have it translated into English for him.

The record does not reflect whether Petitioner failed to send counsel the application in a timely manner or whether counsel failed to have the application translated and timely filed. We note, however, that Petitioner does not raise an ineffective assistance of counsel claim.

Petitioner then moved from Arizona to California. Consequently his case was transferred. Still represented by the same counsel, Petitioner finally filed his asylum application in English at his first hearing in the new venue on September 7, 1999, approximately 7 months after the one year deadline of February 1999.

[1] A late filing can be excused if "extraordinary circumstances" prevented the alien from filing an asylum application within one year. 8 C.F.R. § 208.4(a)(5). The applicant bears

the burden of proving such circumstances existed "[t]o the satisfaction of the asylum officer, the immigration judge, or the Board . . . ." 8 C.F.R. § 208.4(a)(2)(i)(B). The IJ and the BIA rejected Petitioner's contention that he faced "extraordinary circumstances" preventing him from filing an asylum application within one year of his arrival into the United States.

Although we do not have jurisdiction to review the BIA's factual determinations regarding Petitioner's circumstances, *see Dhital v. Mukasey*, 532 F.3d 1044, 1049 (9th Cir. 2008) (per curiam), we do have jurisdiction to review the BIA's legal determination that the undisputed facts in Petitioner's case do not constitute "extraordinary circumstances." *See* 8 U.S.C. § 1252(a)(2)(D); *Dhital*, 532 F.3d at 1049.

We must decide whether, as a matter of law, Petitioner faced "extraordinary circumstances" justifying the untimely filing of his asylum application where: (1) Petitioner does not speak English; (2) Petitioner was detained for two months in an immigration detention center; and (3) Petitioner's case was transferred after he moved from Arizona to California. We hold that none of these circumstances, either alone or in combination, constitute "extraordinary circumstances" justifying the untimely filing of an asylum application, and we deny the petition.[1]

The regulation excepting aliens who face "extraordinary circumstances" from the one year deadline does not define the term "extraordinary circumstances." 8 C.F.R. § 208.4(a)(5). The regulation does list several examples of what could constitute "extraordinary circumstances," including, but not limited to, a serious illness, a legal disability, or ineffective assistance of counsel. *Id.*; *see, e.g., Wakkary v. Holder*, 558

---

[1]We analyze Petitioner's application for withholding of removal and relief under the Convention Against Torture in an accompanying memorandum disposition.

F.3d 1049 (9th Cir. 2009) (maintaining lawful nonimmigrant status until six months and some days before filing an application qualifies as an extraordinary circumstance under 8 C.F.R. § 208.4(a)(5)(iv)).[2] In this case, however, Petitioner did not contend in his original brief that any of the extraordinary circumstances listed in 8 C.F.R. § 208.4(a)(5) apply.

In his petition for rehearing to our court, Petitioner claimed for the first time that his case fits within 8 C.F.R. § 1208.4(a)(5)(v), which provides that extraordinary circumstances may include a situation in which an applicant "filed an asylum application prior to the expiration of the 1-year deadline, but that application was rejected . . . as not properly

---

[2]In *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), we reviewed the denial of Wakkary's asylum application as untimely, in light of his having maintained lawful status until approximately six months before he filed his application. We found that Wakkary fell within one of the "extraordinary circumstances" exceptions to the mandatory one-year filing deadline in 8 U.S.C. § 1158(a)(2)(B): He had maintained lawful status "until a reasonable period before the filing of the asylum application." 8 C.F.R. § 208.4(a)(5)(iv). We remanded for the agency to decide if "Wakkary's particular circumstances render his delay . . . 'reasonable' under the regulations." *Id.* at 1058.

*Wakkary* discussed a different "extraordinary circumstances" exception to the mandatory one-year filing deadline than we deal with here. *Compare* 8 C.F.R. § 208.4(a)(5)(iv) ("The applicant maintained [status] . . . until a reasonable period before the filing of the asylum application . . . ."), *with* 8 C.F.R. § 208.4(a)(5)(v) ("The applicant filed an asylum application . . . prior to the . . . 1-year deadline, . . . [which] was rejected by the Service as not properly filed . . . [and] refiled within a reasonable period thereafter . . . ."). The regulations governing the two exceptions are different in that unreasonableness is presumed after six months under section 208.4(a)(5)(iv). *See* 65 Fed. Reg. 76,121-01, at 76,124 (Dec. 6, 2000) ("[W]aiting six months or longer after expiration or termination of status would not be considered reasonable."); *Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Because Wakkary's delay was "just days outside" the "presumptive six-month deadline," we remanded for a determination of its reasonableness. *Wakkary*, 558 F.3d at 1058-59. This six-month presumptive deadline does not apply to section 208.4(a)(5)(v), which our case addresses.

filed, was returned to the applicant for corrections, and was refiled within a reasonable period." This claim was not supported by any evidence. It is, of course, Petitioner's burden to present evidence to prove his claim that extraordinary circumstances exist. 8 C.F.R. § 208.4(a)(2)(i)(B). It's true that Petitioner filed an application and had it returned to him, but he failed to refile "within a reasonable period." Rather, it took petitioner one year and five months to file a corrected application after his initial filing was rejected. Petitioner does not cite any facts that would justify this long delay in refiling his application. Although there may be a case where such a delay would be reasonable, given the absence of any explanation in this case for the delay, we find that Petitioner's application was not refiled within a reasonable period.

[2] Petitioner has failed to meet his burden. There is simply nothing "extraordinary" about the circumstances listed by Petitioner that can justify his late filing. First, Petitioner fails to explain how his inability to speak English is extraordinary for an alien nor how it prevented him from timely filing an asylum application in English, especially given that the government makes translators available to immigrants who do not speak or read English. Petitioner does not contend that circumstances beyond his control prevented him from receiving help from a translator. Petitioner also had an attorney who stated on the record he would help Petitioner file a timely application in English. Even though Petitioner did not speak English, his attorney did. Further, we take judicial notice of the fact that many immigrants who come to this country do not speak English fluently.[3] The inability to speak English constitutes an ordinary, not extraordinary, circumstance for

---

[3]U.S. Census Bureau, 2005-2007 American Community Surveys, *available at* http://factfinder.census.gov/home/saff/main.html?_lang=en (follow "People" hyperlink; then follow "Origins and Language" hyperlink; then follow "Characteristics Foreign Born Population" hyperlink) (estimating that 62.2% of the population of people born in a foreign country who are not U.S. citizens speak English less than "very well").

immigrants. Many of these non-English speaking immigrants timely file asylum applications in English.

**[3]** Second, Petitioner claims his detention should be considered an extraordinary circumstance, but he was detained only from February to March of 1998. Petitioner does not contend the immigration detention center in any way prevented him from filing the application, and he had counsel throughout his time there. Petitioner also fails to explain how his two month detention prevented him from filing during the months he was not detained.

**[4]** Last, Petitioner fails to explain how the transfer of his case prevented him from filing a timely application. He did not need to wait for a hearing to file an application.[4] *See* 8 C.F.R. § 208.4(b) ("Form I-589, Application for Asylum and Withholding of Removal, must be filed in accordance with the instructions on the form"); Instructions for Form I-589 Application for Asylum and for Withholding of Removal at 10 (instructing applicants currently in proceedings to file their application with the Immigration Court without any restriction that they wait for a hearing). Moreover, to qualify as an exception to the one year rule, Petitioner must prove "that the circumstances were not intentionally created by the alien through his or her own action or inaction." 8 C.F.R.

---

[4]Petitioner claims that an asylum application may only be filed in open court. Petitioner cites 8 U.S.C. § 1158(d)(4), which requires that the "Attorney General" inform the applicant of the right to counsel and the penalty for filing a frivolous application "[a]t the time of filing an application for asylum," and argues that this requirement can only be satisfied if an application is filed at a hearing. But section 1158(d)(4) requires only that the "Attorney General" provide the warnings, not that they be provided by an IJ at a hearing. The I-589 asylum application form includes a warning about frivolous applications in bold font above the signature line and requires the applicant to check a box indicating that he understands he has a right to counsel and has been provided with a list of lawyers. Because the application form itself provides the requisite warnings, an asylum application may be filed by mail and still comply with section 1158(d)(4).

§ 208.4(a)(5). Petitioner caused this particular circumstance to occur by moving to California from Arizona.

**[5]** Petitioner has failed to explain how any of these circumstances prevented him from filing an asylum application in English within one year of his arrival nor how his delay was justified. As a result, we hold that these circumstances are not "extraordinary" as a matter of law. *See Dhital*, 532 F.3d at 1050 (holding an alien failed as a matter of law to prove he faced extraordinary circumstances where he had an unexplained delay of 22 months from the date he dropped out of college and consequently lost his lawful status).

**[6]** Because Petitioner did not file an asylum application in English within the one year deadline and no "extraordinary circumstances" prevented him from filing on time, we deny his petition for review of the BIA's order affirming the IJ's denial of asylum.

**PETITION FOR REVIEW DENIED.**