FILED

MAR 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRI SANBUDIARTO, | No. 08-71559 |
| Petitioner, | Agency No. A095-635-756 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Tri Sanbudiarto, native and citizen of Indonesia, petitions for review of a

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny the petition for review.

The record does not compel the conclusion that Sanbudiarto's untimely asylum application is excused by changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam). Accordingly, Sanbudiarto's asylum claim fails.

Substantial evidence supports the agency's finding that the instances of discrimination, the attack on Sanbudiarto's home and the blocking of the church entrance on Christmas in 1999, did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003). In addition, substantial evidence supports the agency's finding that Sanbudiarto failed to demonstrate a clear probability of future persecution because he can relocate to another part of Indonesia. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998-99 (9th Cir. 2003) (country report supports the agency's finding that petitioner could relocate safely). Accordingly, Sanbudiarto's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Sanbudiarto has not established that any torture he may suffer would be by

or with the acquiescence of the Indonesian government.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

08-71559