**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUJAI SUWANDA, | No. 08-70924 |
| Petitioner, | Agency No. A078-020-252 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011**

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Sujai Suwanda, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Suwanda established changed or extraordinary circumstances sufficient to excuse the delay in filing his asylum application. *See* 8 C.F.R. § 1208.4(a); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090-92 (9th Cir. 2010) (per curiam); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). Accordingly, Suwanda's asylum claim fails.

The record also does not compel the conclusion that Suwanda suffered past persecution based on the one beating, unfulfilled threats, and harassment that he experienced in Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *Wakkary*, 558 F.3d at 1059-60. Further, the record does not compel the conclusion that Suwanda demonstrated a clear probability of future persecution in Indonesia. *See Hoxha*, 319 F.3d at 1184-85. Accordingly, Suwanda's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Suwanda failed to establish a likelihood of torture by or at the instigation of or with the consent or acquiescence of a public official or other person acting in

an official capacity if returned to Indonesia.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**