**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRENE CAROLIN SIWY, | No. 08-72940 |
| Petitioner, | Agency No. A095-590-614 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Irene Carolin Siwy, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Siwy's untimely asylum application is excused by changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam). Accordingly, Siwy's asylum claim fails.

Substantial evidence supports the agency's finding that the discrimination Siwy faced as a child, the sexual harassment, and the fact that she witnessed violence during the 1998 riots does not, cumulatively, rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). However, because the record compels the conclusion that Siwy was sexually harassed on account of a protected ground, *see Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"), the agency's analysis of whether Siwy faces an individualized risk of harm, which focused only on the documentary evidence, is insufficient. Moreover, in assessing her withholding of removal claim, the BIA did not have the benefit of our intervening

decision in *Wakkary v. Holder*, 558 F.3d 1049, 1064-67 (9th Cir. 2009), which applied the disfavored group analysis to withholding of removal claims. Accordingly, we grant Siwy's petition for review as to her withholding of removal claim and remand for the agency to consider in the first instance whether Siwy has demonstrated a clear probability of future persecution based on a disfavored group analysis. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Finally, the BIA also failed to address Siwy's claim for relief under CAT. Accordingly, we also remand for the BIA to consider Siwy's CAT claim in the first instance. *See id*.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**