NOT FOR PUBLICATION

FILED

JUN 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGEN MANUEL RAMIREZ ALVAREZ, | No. 10-72354 |
| Petitioner, | Agency No. A094-041-052 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:      CANBY, O'SCANNLAIN and FISHER, Circuit Judges.

Jorgen Manuel Ramirez Alvarez, a native and citizen of Honduras, petitions

for review of a Board of Immigration Appeals order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the Board's determination that no exceptions applied to excuse Alvarez's untimely asylum application, filed approximately ten years late. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring petitioner to apply for asylum within one year of arrival in United States unless prevented by extraordinary circumstances or changed circumstances materially affecting eligibility for relief); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090 (9th Cir. 2010) (per curiam).

Substantial evidence supports the Board's denial of withholding of removal because Alvarez failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Alvarez did not establish a likelihood of torture by, at the

instigation of, or with the consent or acquiescence of the Honduran government.

*See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**