**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY SUKMAWATI LIEM, | No. 09-73618 |
| Petitioner, | Agency No. A098-440-348 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Nancy Sukmawati Liem, a native and citizen of Indonesia, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that Liem's untimely asylum application is excused by extraordinary circumstances, including ineffective assistance of counsel. *See* 8 U.S.C. § 1158(a)(2)(D); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010) (per curiam) (nothing extraordinary about petitioner's inability to speak English, detention, or transfer of his case); *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050 (9th Cir. 2008) (no ineffective assistance where the failure to file a visa application did not relate to the substance of an ongoing proceeding).

Substantial evidence supports the agency's finding that Liem failed to establish the harm she suffered rose to the level of past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harm was "disturbing and regrettable" but not severe enough to constitute persecution). Substantial evidence also supports the BIA's finding that, even as a member of a disfavored group, Liem failed to demonstrate sufficient individualized risk to establish a clear probability of persecution. *See Wakkary*, 558 F.3d at 1065; *Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009). The record does not compel a conclusion that there is a pattern or practice

of persecution of Chinese Christian Indonesians. *See Wakkary*, 558 F.3d at 1061.

Finally, Liem's contention that Chinese Indonesians may be targeted again if there

is further economic or political instability in Indonesia is too speculative to be

credited as a basis for fear of future persecution. *See Nagoulko v. INS*, 333 F.3d

1012, 1018 (9th Cir. 2003). Accordingly, Liem's withholding of removal claim

fails.

**PETITION FOR REVIEW DENIED.**