**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID BUDIANTO, | No. 08-72165 |
| Petitioner, | Agency No. A095-635-795 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2012[**]
Pasadena, California

Before: KLEINFELD and McKEOWN , Circuit Judges, and QUIST,[***] Senior
District Judge.

David Budianto, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, sitting by designation.

immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's factual findings for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that the untimeliness of Budianto's asylum application—filed more than four years after his arrival in the United States—is excused by extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(d); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam). We also reject Budianto's contention that our decision in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir. 2004), is a changed circumstance that materially affected his eligibility for asylum. *See Tampubolon v. Holder*, 610 F.3d 1056, 1059 n.4 (9th Cir. 2010). Accordingly, Budianto's asylum claim fails.

Substantial evidence supports the IJ's finding, adopted by the BIA, that Budianto did not suffer harm that rises to the level of past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009). Substantial evidence also supports the IJ's finding that, even as a member of a disfavored group, Budianto failed to demonstrate sufficient individualized risk showing a clear probability of future persecution in Indonesia. *Cf. Sael*, 386 F.3d at 927. As noted

by the IJ, Budianto has not produced evidence that there is a pattern or practice of persecution of Chinese Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007). Accordingly, Budianto's withholding of removal claim fails.

Finally, substantial evidence supports the Board's denial of CAT relief because Budianto failed to establish it is more likely than not that he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION DENIED.**