FILED

MAR 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN BASA CHING, | No. 08-73007 |
| Petitioner, | Agency No. A098-248-346 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]
San Francisco, California

Before: FISHER, CALLAHAN, and NGUYEN, Circuit Judges.

Petitioner Ruben Basa Ching, a native of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. 1252(a)(1), and we deny the petition for review.[1]

1.      An asylum applicant has the burden of proving by clear and convincing evidence that he has filed his asylum application within one year of his arrival in the United States. *See* 8 U.S.C. § 1158; 8 C.F.R. § 208.4. An applicant may be excused from meeting the one-year deadline if he can show that he has experienced "changed" or "extraordinary" circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(2), (4)–(5). "[T]o qualify as an exception to the one-year rule, Petitioner must prove that the circumstances were not intentionally created by the alien through his or her own action or inaction." *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1092 (9th Cir. 2010) (quoting 8 C.F.R. § 208.4(a)(5)). Here, the IJ correctly held that the denial of Ching's adjustment of status application did not constitute a "changed circumstance" or "extraordinary circumstance" because the application was fraudulent and of his own doing. In any event, it did not prevent him from filing a timely asylum application.

2.      In order for this court to reverse the IJ's adverse credibility determination, the petitioner must provide evidence that compels a contrary result. *See Shrestha v. Holder*, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). Here, the IJ

---

[1]      Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

reasonably found that Ching was not credible because he filed a fraudulent adjustment of status application, gave inconsistent testimony, and failed to provide sufficient detail about the alleged persecution that he suffered. These conclusions meet the standards set forth by the REAL ID Act and our cases for adverse credibility determinations. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C), 1229a(c)(4)(C); *Shrestha*, 590 F.3d at 1040. Thus, the IJ reasonably found that Ching had failed to present a credible claim for asylum, withholding of removal, and CAT protection.[2]

The petition for review is **DENIED**.

---

[2] The Ninth Circuit has held that where an applicant is not credible, he may still qualify for CAT protection if he can provide reports that would compel a conclusion that he is more likely than not to be tortured if removed. *See Shrestha*, 590 F.3d at 1048–49. Ching has failed to provide reports that compel such a conclusion.