**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILMER EDUARDO RODRIGUEZ, | No. 12-73666 |
| Petitioner, | |
| v. | Agency No. A099-832-209 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015**

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Wilmer Eduardo Rodriguez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the finding that Rodriguez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see also Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). Thus, we deny the petition for review as to Rodriguez's asylum claim.

Substantial evidence supports the agency's denial of Rodriguez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073.

In denying Rodriguez's withholding of removal claim, the agency found he failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's

decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand Rodriguez's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).  In light of this remand, we do not reach Rodriguez's due process claim.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**