**NOT FOR PUBLICATION**

MAY 28 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYLVIA PAOLA ROSALES VELIZ, AKA Sylvia Rosales De Aquino, | No. 12-73551 |
| Petitioner, | Agency No. A095-789-046 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Sylvia Paola Rosales Veliz, a native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the finding that Rosales Veliz established extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see also Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). We reject Rosales Veliz's contentions that the agency's analysis was insufficient and improper. Thus, we deny the petition for review as to her asylum claim.

Rosales Veliz testified that she and her husband were the victims of a carjacking in Guatemala and she fears further harm if returned. Substantial evidence supports the agency's determination that even if Rosales Veliz established she is a member of a particular social group of women in Guatemala, she did not establish past persecution or clear probability of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[T]o demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or

random violence by gang members bears no nexus to a protected ground"). Thus, Rosales Veliz's withholding of removal claim fails. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004).

Finally, substantial evidence also supports the agency's denial of Rosales Veliz's CAT claim because she failed to establish it is more likely than not she would be tortured if returned to Guatemala. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013). We reject Rosales Veliz's contention that the agency did not analyze her claim sufficiently.

**PETITION FOR REVIEW DENIED.**