NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO WILFREDO BARRERA-HERNANDEZ, AKA Guillermo Wilfredo Barrera, AKA Guillermo Borrero, AKA Guillermo Lariosa Hernandez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   14-72826 <br><br> Agency No. A095-024-884 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Guillermo Wilfredo Barrera-Hernandez, a native and citizen of Nicaragua,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that Barrera-Hernandez established an exception to the asylum filing deadline to excuse his untimely application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). Thus, we deny the petition for review as to his asylum claim.

Substantial evidence supports the agency's determination that Barrera-Hernandez failed to establish past harm rising to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (explaining that persecution is "an extreme concept") (quotation and citation omitted); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (quotation and citation omitted). Substantial evidence also supports the agency's conclusion that Barrera-Hernandez failed to establish an objectively reasonable fear of future persecution in

Nicaragua. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). We reject his contentions that the agency ignored evidence or erred in analyzing his claim. Thus, we deny the petition for review as to withholding of removal.

Finally, substantial evidence also supports the agency's denial of Barrera-Hernandez's CAT claim because he failed to show it is more likely than not that he would be tortured by the government of Nicaragua, or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Barrera-Hernandez's contentions that the agency's analysis was insufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA adequately considered the evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**