**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR LOPEZ-BELIS, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.    14-73654 <br><br> Agency No. A077-324-426 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Julio Cesar Lopez-Belis, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his applications for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Lopez-Belis established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)-(5); *see Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010) (per curiam). Thus, we deny the petition as to his asylum claim.

Substantial evidence also supports the BIA's determinations that the threat Lopez-Belis received in Guatemala does not rise to the level of past persecution, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (threats did not compel finding of past persecution), and that he failed to establish it is more likely than not that he would be persecuted on account of his union membership, leadership, or political opinion, *see Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (standard for withholding is more demanding than for asylum); *see also Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010) (assailants did not kill applicant's family on account of a protected ground); *Nahrvani*, 399 F.3d at 1153-54 (fear of future persecution too speculative).

Finally, substantial evidence support the agency's denial of Lopez-Belis's CAT claim because he failed to establish that it is more likely than not that he will be tortured by or with the acquiescence of the government in Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**