NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLOROELIZA JUBANE DE GERVACIO, AKA Flordeliza Jubane Gervacio and ERNESTO GERVACIO, AKA Ernesto Ibarreto Gervacio,<br><br>Petitioners,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    13-74378<br><br>Agency Nos.    A075-592-301<br><br>A016-076-615<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:      RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Floroeliza Jubane De Gervacio and Ernesto Gervacio, natives and citizens of

the Philippines, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum and withholding of removal.  We have jurisdiction under 8

U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.

*Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for

review.

The record does not compel the conclusion that petitioners established

changed or extraordinary circumstances to excuse their untimely asylum

applications.  *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Toj-Culpatan v. Holder*, 612 F.3d

1088, 1091-92 (9th Cir. 2010).  We reject as unsupported by the record the

petitioners' contention that the agency failed to conduct the correct analysis.  Thus,

petitioners' asylum claims fail.

Substantial evidence supports the agency's determination that petitioners

failed to establish past persecution or that it is more likely than not they will be

persecuted in the Philippines on account of a protected ground.  *See Mansour v.*

*Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) (record did not demonstrate that

petitioner had an objectively reasonable fear of future persecution); *see also*

*Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future

persecution too speculative).  Thus, petitioners' withholding of removal claims fail.

**PETITION FOR REVIEW DENIED.**

13-74378