**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS SANCHEZ-CARRIOSA, | No.   16-72990 |
| Petitioner, | Agency No. A200-625-201 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2019**
Pasadena, California

Before:  RAWLINSON, BENNETT, and BADE, Circuit Judges.

Luis Sanchez Carriosa ("Sanchez Carriosa") petitions for review of the

decision of the Board of Immigration Appeals ("BIA") upholding the denial of his

claim for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We deny

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sanchez Carriosa's petition for review.

We review factual findings under the deferential "substantial evidence" standard and must affirm the decision of the BIA unless the evidence *compels* the opposite result. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481, 483 (1992).

First, the BIA did not err in concluding Sanchez Carriosa's asylum claim was time-barred because his application was not timely filed. An asylum application must be filed within one year of entering the United States. 8 U.S.C. § 1158(a)(2)(B). If the application is not filed within one year, it may be considered only if an immigrant shows extraordinary or changed circumstances justifying the delay. *Id.* at § 1158(a)(2)(D). Sanchez Carriosa did not meet the one-year deadline; he filed his asylum application about two years after he last entered this country. Substantial evidence supports the BIA's determination that Sanchez Carriosa did not show that extraordinary circumstances prevented him from meeting the one-year deadline. *See Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090 (9th Cir. 2010) (holding language barrier, two-month detention, and transfer of petitioner's case, taken together or separately, did not constitute extraordinary circumstances).

Second, substantial evidence supports the BIA's determination that Sanchez Carriosa did not establish eligibility for withholding of removal. To be eligible for withholding of removal, a petitioner "must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds." *Al-*

*Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001) (quotation marks omitted). Whether a petitioner satisfies his burden largely depends on his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."). Under the REAL ID Act, "[t]here is no presumption of credibility." 8 U.S.C. § 1158(b)(1)(B)(iii). The immigration judge must consider the "totality of the circumstances," including the testimony's internal consistency and its consistency with petitioner's prior statements. *Id.*

The BIA affirmed the immigration judge's finding that Sanchez Carriosa was not credible because of "a significant inconsistency" that "goes to the heart of respondent's claim" and "casts serious doubt on the veracity of his claim." The record does not compel the opposite result. Sanchez Carriosa's testimony about when he was allegedly persecuted in Mexico was not only internally inconsistent, but inconsistent with his declaration. And his declaration was inconsistent with his asylum application. "[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010).

As Sanchez Carriosa presented no other evidence of his membership in a protected social group or of past persecution in Mexico, he did not meet his burden

of establishing eligibility for withholding of removal.  *See id.* at 1048 ("Absent [petitioner's] discredited testimony, there is no objective evidence that establishes a 'clear probability' that [petitioner] will be subject to persecution based on a protected ground.").

Finally, we reject Sanchez Carriosa's claim for protection under CAT. Sanchez Carriosa's claim for CAT relief rested on the same statements that the BIA found to be not credible.  Because we affirm the BIA's adverse credibility determination and the denial of withholding of removal, "we must similarly affirm the rejection of [Sanchez Carriosa's] claim under the Convention Against Torture," as Sanchez Carriosa "points to no other evidence" that could have supported CAT relief.  *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**

4