NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| IMER SANCHEZ-ISLAS, AKA Imer Islas Sanchez, | No.    14-73912 |
| Petitioner, | Agency No. A200-151-412 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2019**
Seattle, Washington

Before:  D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Petitioner Imer Sanchez-Islas, a native and citizen of Mexico, petitions for

review of the decision of the Board of Immigration Appeals (BIA) dismissing his

---

*         This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

We review the BIA's legal conclusions, such as timeliness determinations resting on undisputed facts, *de novo*. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013); s*ee also Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). "We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence. . . ." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). Where, as here, the BIA reviewed the decision of the immigration judge (IJ) and incorporated portions of that decision, "we treat the incorporated parts of the IJ's decision as the [BIA's]." *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (citation and internal quotation marks omitted).

The BIA did not err in concluding that Petitioner failed to establish any extraordinary circumstances or changes in country conditions to excuse his ten-year delay in requesting asylum. *See Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090 (9th Cir. 2010) (affirming untimeliness determination where petitioner failed to demonstrate extraordinary circumstances to excuse the delay). Petitioner maintains that his lack of knowledge of asylum law and procedure prevented him from filing in a timely manner. However, ignorance of a form of immigration relief is not an

extraordinary circumstance that excuses failure to comply with its requirements.

*See Antonio-Martinez v. I.N.S.*, 317 F.3d 1089, 1093 (9th Cir. 2003). We therefore

deny Petitioner's asylum claim.[1] *See Toj-Culpatan*, 612 F.3d at 1090.

Turning to Petitioner's withholding of removal claim, substantial evidence

supports the BIA's determination that the harm Petitioner suffered in Mexico did

not rise to the level of persecution. Petitioner admitted that he did not experience

any physical harm, and has not shown that the murders of his brother and sister-in-

law were "part of a pattern of persecution closely tied to" Petitioner himself, as we

require. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Substantial

evidence also supports the BIA's determination that Petitioner failed to show a

sufficient individualized risk of future persecution. *See Nagoulko v. I.N.S.*, 333

F.3d 1012, 1018 (9th Cir. 2003) (rejecting speculation of future persecution as

inadequate). Petitioner was similarly situated to his father who, although also

known to the Los Zetas gang, remained in Petitioner's hometown without incident.

*See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[F]ear of future

---

[1]Although Petitioner argues that the serious trauma resulting from persecution was an extraordinary circumstance that prevented him from filing for asylum, Petitioner failed to exhaust this argument before the IJ or the Board. We lack jurisdiction to consider this new explanation. *See Arsdi v. Holder*, 659 F.3d 925, 928 (9th Cir. 2011) ("[I]f a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum. . . .") (citation and internal quotation marks omitted).

persecution is weakened, even undercut, when similarly-situated family members living in [his] home country are not harmed. . . .") (citation and internal quotation marks omitted). Thus, Petitioner's withholding of removal claim fails.

Finally, substantial evidence supports the BIA's denial of CAT relief because Petitioner failed to demonstrate that he would more likely than not be tortured by, or with the consent or acquiescence of, the government of Mexico. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (noting that the police investigated Petitioner's claims, thereby negating a compelled conclusion of government acquiescence).

**PETITION DENIED.**