**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIO GASPAR-SALVADOR; CANDELARIO GASPAR-ANTONIO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-1317 <br><br> Agency Nos. <br> A070-789-151 <br> A209-164-932 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2023[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM, District Judge.[***]

Gregorio Gaspar-Salvador and his son, Candelario Gaspar-Antonio,

(collectively, "Petitioners") are natives and citizens of Guatemala. They timely

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review de novo legal conclusions and review for substantial evidence factual findings. Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition.

1. The government properly initiated Petitioners' cases even though the initial notices to appear omitted the place, date, and time of their hearing. In United States v. Bastide-Hernandez, 39 F.4th 1187 (9th Cir. 2022) (en banc), cert. denied, 143 S. Ct. 755 (2023), we held that a defective notice to appear—"which initiated the immigration proceedings"—did not deprive the immigration court of authority to act and did not divest the immigration court of subject-matter jurisdiction when the notice was later supplemented with the missing information. 39 F.4th at 1188, 1193 & n.9. Here, Petitioners received supplemental notices and attended their hearing.

2. Substantial evidence supports the BIA's conclusion that Petitioners' asylum applications were time-barred. An asylum application must be filed within one year of the applicant's last arrival into the United States. 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2). An exception to that deadline exists for applicants who can demonstrate "extraordinary circumstances relating to the delay." 8 U.S.C. § 1158(a)(2)(D); see also 8 C.F.R. § 1208.4(a)(5) (describing "events or factors directly related to the failure to meet the 1–year deadline" that

2

may qualify as extraordinary circumstances).  Before the IJ and the BIA, Petitioners argued only that an exceptional circumstance existed because they had to work to feed themselves and thus were unable to meet with counsel to finalize their applications.  Those facts do not compel the conclusion that Petitioners faced extraordinary circumstances.  See Toj-Culpatan v. Holder, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam) (holding that extraordinary circumstances did not exist because the petitioner's challenges constituted ordinary circumstances for many immigrants).

In their briefing to this court, Petitioners argue for the first time that their lawyer reasonably chose to file their applications late because the filing coincided with the date of their master-calendar hearing.  Because Petitioners failed to raise that argument before the BIA, the argument was waived or forfeited.  See Santos-Zacaria v. Garland, No. 21-1436, 2023 WL 3356525, at *8 (U.S. May 11, 2023) (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture).  We decline to exercise our discretion to consider the issue on the merits.

3.  Substantial evidence supports the BIA's denial of Petitioners' applications for withholding of removal on the ground that Petitioners could avoid future harm by relocating within Guatemala.  Petitioners testified that it would be possible for them to live in a different part of Guatemala if they were to return.  Although Petitioners may face challenges in finding employment and

3

housing, that fact does not compel the conclusion that internal relocation would be unreasonable. See 8 C.F.R. § 1208.16(b)(3)(iii) (when a petitioner asserts persecution by private actors, "there shall be a presumption that internal relocation would be reasonable unless the applicant establishes, by a preponderance of the evidence, that it would be unreasonable to relocate"); see also Hussain v. Rosen, 985 F.3d 634, 649 (9th Cir. 2021) ("That relocation might be inconvenient or undesirable does not make it unreasonable.").

4. Substantial evidence supports the BIA's denial of Petitioners' CAT claims on the ground that Petitioners failed to show that they would be tortured by, or "with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1). Reporting to the police is not a requirement to bring a CAT claim, Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1060 (9th Cir. 2006), but Petitioners must establish that a "public official is aware that torture of the sort feared by the applicant occurs and [the public official] remains willfully blind to it," Diaz-Reynoso v. Barr, 968 F.3d 1070, 1089 (9th Cir. 2020). The record does not compel the conclusion that officials in Guatemala were willfully blind to a risk of torture faced by Petitioners.

5. To prevail on the claim that his due process rights were violated because the IJ allegedly prejudged his case, Gaspar-Antonio "must show that the denial of his . . . right to a neutral fact-finder potentially affected the outcome of the proceedings." Arrey v. Barr, 916 F.3d 1149, 1159 (9th Cir. 2019) (citation and internal quotation marks omitted). Although the IJ

4

repeatedly shared his doubts that Gaspar-Antonio would be able to meet the necessary burden of proof, the IJ heard Gaspar-Antonio's testimony over the course of two hearings and continued to express his willingness to be persuaded otherwise. The evidence in the record does not compel the conclusion that "the IJ had a deep-seated favoritism or antagonism that would make fair judgment impossible." Vargas-Hernandez v. Gonzales, 497 F.3d 919, 926 (9th Cir. 2007). And even if Gaspar-Antonio were able to show bias, he would be unable to show prejudice: the record supports the conclusion that Gaspar-Antonio is not eligible for relief. See id. ("[I]f the factual record adequately supports the denial of an . . . application for relief, we cannot find that the alleged bias held by the IJ was the basis for the denial of the application.").

**Petition DENIED. The stay of removal will remain in place until the mandate issues.**