FILED

**NOT FOR PUBLICATION**

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUSINE MELIK OHANYAN;<br>ANDRANIK KALANTARYAN,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71988<br><br>Agency Nos.   A088-090-049<br>                 A088-090-050<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Lusine Melik Ohanyan and Andranik Kalantaryan, natives and citizens of

Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

As an initial matter, the record does not compel the conclusion that petitioners have established changed or extraordinary circumstances to excuse their untimely asylum applications. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010) (per curiam). Thus, we deny the petition as to petitioners' asylum claims.

With regard to Melik Ohanyan's withholding of removal claim, substantial evidence supports the BIA's adverse credibility determination based on inconsistencies between Melik Ohanyan's declaration and testimony regarding her political activities and interactions with her political party members. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Melik Ohanyan's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Melik Ohanyan's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Melik Ohanyan's CAT claim fails because it is based on the same evidence the BIA found not credible, and she does not point to any other evidence that compels the conclusion that it is more likely than not she would be tortured by or with the acquiescence of the government if returned to Armenia. *See Shrestha*, 590 F.3d at 1048-49.

As to Kalantaryan's withholding of removal claim, substantial evidence supports the BIA's determination that, even if credible, Kalantaryan failed to establish his experiences in Armenia constituted past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found [these incidents constituted] past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original). Further, the record does not compel the conclusion that Kalantaryan has a clear probability of future harm. *See Hoxha*, 319 F.3d at 1185. Thus, Kalantaryan's withholding of removal claim fails.

Finally, substantial evidence supports the BIA's denial of Kalantaryan's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Armenia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**