**Natanael BARRIOS–ALVAREZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–71237.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 25, 2015.

Natanael Barrios–Alvarez, Santa Fe Spring, CA, pro se.

Sheri Robyn Glaser, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Natanael Barrios–Alvarez, a native and citizen of Guatemala, petitions pro se for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.

We deny the petition with respect to Barrios–Alvarez's asylum claim because the record does not compel the conclusion that he established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Toj–Culpatan v. Holder*, 612 F.3d 1088, 1091–92 (9th Cir.2010).

Substantial evidence supports the agency's finding that Barrios–Alvarez failed to establish it is more likely than not he would be persecuted in Guatemala on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir.2009) (applicant must prove that a protected ground will be at least 'one central reason' for the persecutors' acts); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of fu-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ture persecution too speculative). We reject Barrios–Alvarez's contention that the BIA's analysis was insufficient. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir.2010). Thus, Barrios–Alvarez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Barrios–Alvarez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government if returned. *See Silaya,* 524 F.3d at 1073.

Finally, we lack jurisdiction to review the agency's finding that Barrios–Alvarez failed to demonstrate the requisite exceptional and extremely unusual hardship to qualify for cancellation of removal. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.