**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR ANIBAL GRAMAJO-LOPEZ, | No. 14-70749 |
| Petitioner, | Agency No. A095-757-207 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Edgar Anibal Gramajo-Lopez's motion to refer this case to mediation and

his request to hold this case in abeyance are denied.

Gramajo-Lopez, a native and citizen of Guatemala, petitions for review of a

Board of Immigration Appeals' order dismissing his appeal from an immigration

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this cases is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

The record does not compel the conclusion that Gramajo-Lopez established an exception to the asylum filing deadline to excuse his untimely application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). Thus, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's determination that Gramajo-Lopez failed to establish past persecution in Guatemala on account of a protected ground, including an actual or imputed political opinion, or membership in a particular social group. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, "to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"). Substantial evidence also supports the agency's determination that Gramajo-Lopez failed to establish it is more likely than not he would be targeted for harm if returned to Guatemala. *See Nagoulko v.*

*INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Thus, Gramajo-Lopez's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Gramajo-Lopez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya*, 524 F.3d at 1073. We reject Gramajo-Lopez's contention that the agency's analysis was insufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**