NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOYING XIAN, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | Nos. 12-73897 <br> 13-70746 <br> 13-71430 <br><br> Agency No. A088-294-525 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016**

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Xiaoying Xian, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT") (petition No. 12-73897), and of the BIA's subsequent denials of her motions to reconsider and reopen removal proceedings (petitions No. 13-70746 and No. 13-71430). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review for abuse of discretion the denials of motions to reconsider and motions to reopen, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petitions for review in Nos. 12-73897 and 13-70746, and we dismiss the petition for review in No. 13-71430.

Substantial evidence supports the agency's determination that Xian failed to establish an exception excusing her untimely asylum application, which was filed more than a year after she turned 18. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). Thus, her asylum claim fails.

Substantial evidence also supports the agency's adverse credibility determination based on an inconsistency between Xian's testimony and documentary evidence regarding the date she was baptized. *See Shrestha*, 590

F.3d at 1048 ("adverse credibility finding reasonable under the totality of the circumstances"). In the absence of credible testimony, Xian's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Xian's CAT claim fails because it is based on the same testimony the agency found not credible, and Xian does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in China. *See id.* at 1156-57. Thus, we deny the petition for review in No. 12-73897.

The BIA did not abuse its discretion in denying Xian's motion to reconsider, where the motion failed to identify any error of fact or law in the BIA's prior decision dismissing her appeal. *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider must specify errors of fact or law in a prior decision); *see also Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir. 2003). Thus, we deny the petition for review in No. 13-70746.

Finally, we lack jurisdiction to review Xian's challenge to the BIA's March 20, 2013, order denying Xian's motion to reopen because she did not timely file a petition for review of that order. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (deadline for filing a petition for review from a final order of removal is

"mandatory and jurisdictional"). Thus, we dismiss the petition for review in No. 13-71430.

**No. 12-73897, 13-70746: PETITIONS FOR REVIEW DENIED.**

**No. 13-71430: PETITION FOR REVIEW DISMISSED.**