**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| ERNESTO GONZALES-PUEBLA, | No.    13-73905 |
| Petitioner, | Agency No. A200-883-337 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2016**
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DAVIS,*** Circuit Judges.

Ernesto Gonzales-Puebla ("Gonzales"), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The  panel  unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

from an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir. 2005), and deny the petition.

First, the IJ did not err in finding that Gonzales' late-filed application rendered him ineligible for asylum. Asylum seekers must file their applications within one year of entry into the United States, or otherwise demonstrate changed or extraordinary circumstances to qualify for an exception. 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4. Gonzales arrived in January 2010 but did not file his application until March 2012, the time of his master calendar hearing. He contends he is entitled to an exception to the one-year bar because he relied on the United States Department of Justice Operating Policies and Procedures ("OPPM") Nos. 00-01 and 00-02 for his mistaken belief that asylum applications must be filed at master calendar hearings. This guidance document does indeed state that "[a] defensive asylum application is 'filed' for asylum clock purposes when it is accepted by the judge at a hearing." Revised OPPM No. 00-01: Asylum Request Processing. However, it also refers petitioners to 8 C.F.R. § 1208.4(a)(2)(i), which demands an applicant show "(A) [b]y clear and convincing evidence that the application has been filed within 1 year of the

2

date of the alien's arrival in the United States, or (B) [t]o the satisfaction of the asylum officer, the immigration judge, or the Board that he or she qualifies for an exception to the 1-year deadline." *Id.* sec. (a)(2)(i). Gonzales, represented by counsel throughout this time, thus could have filed in advance of his hearing date, *see Toj-Culpatan v. Holder*, 612 F.3d 1088, 1092 & n.4 (9th Cir. 2010), or moved to push up his hearing date so he could file in open court within one year. The IJ thus correctly held that Gonzales' reasoning was insufficient to warrant an exception and denied Gonzales' application for asylum as time-barred.

Second, substantial evidence supports the IJ's denial of withholding of removal. Gonzales demonstrates neither past persecution nor a clear probability of future persecution on account of a protected ground. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(b); *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999). His application for relief asserts membership in a protected social group as the parent of a disabled child. Gonzales has three U.S. citizen children, the youngest of whom was two years old at the time of Gonzales' application and suffers from speech, language, motor, and developmental delays. He contends the child will either be discriminated against and not receive adequate services and treatment in Mexico, or be left in the United States with the child's mother, who, Gonzales asserts, is unable

3

to care for him.[1]  Gonzales also fears violence in Mexico and claims he and his children will be targeted by drug traffickers who prey upon returnees from the United States.

While the record evidences danger and instability in Mexico and a dearth of resources for children with special needs as compared to those available in the United States, it does not compel finding that Gonzales' fears are objectively reasonable or that, in any event, these harms would rise to the level of persecution, even assuming Gonzales' children would accompany him.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (defining persecution as an "extreme concept" and explaining that it "does not include every sort of treatment our society regards as offensive").  Fear stemming from general country conditions, without evidence that the applicant would be singled out on account of a protected ground, is insufficient to garner relief.  *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).  That Gonzales' father was once threatened for money by drug traffickers, and that he himself endured an attempted kidnapping when trying to cross the border, while unfortunate, do not amount to past persecution.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010);

---

[1] Gonzales does not seek and is not eligible for cancellation of removal.  *See* 8 U.S.C. § 1229b(b).

*Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-93 (9th Cir. 2013).

Finally, that children with disabilities in Mexico have endured "abandonment and neglect" does not demonstrate that Gonzales is more likely than not to suffer torture upon return to Mexico. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059, 1063 (9th Cir. 2006); 8 C.F.R. § 208.18(a) (defining torture). The IJ therefore did not err in denying Gonzales relief under the CAT.

**PETITION FOR REVIEW DENIED.**