**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODRIGO CARRETO SALES, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-71996 <br><br> Agency No. A200-691-272 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017[**]

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Rodrigo Carreto Sales, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Carreto Sales established any changed or extraordinary circumstances excused his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). We reject Carreto Sales' contention that the BIA erred by not considering his claim of changed circumstances based on incidents involving his mother. *See Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (claim raised for the first time on appeal was not properly before the BIA).

The BIA did not err in finding Carreto Sales failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1133-37 (9th Cir. 2016) (according deference to the BIA's articulation of its "particularity" and "social distinction" requirements); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We reject Carreto Sales' contention that the BIA erred by failing to

address his family-based social group.  *See Matter of J-Y-C-*, 24 I. & N. Dec. at 261 n.1.  Thus, Carreto Sales' withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Carreto Sales failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

15-71996