**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TARANJIT SINGH,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 15-70232<br><br>Agency No. A079-090-480<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017[**]

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Taranjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeal's ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

The record does not compel the conclusion that Singh established any changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). We reject Singh's contention that the agency's analysis violated his right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process challenge). Thus, his asylum claim fails.

The IJ made an adverse credibility determination. Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Singh's application, testimony, and record evidence regarding Singh's membership in a political party and the agency's related negative inference arising from Singh's failure to address the inconsistency in a continued hearing. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Singh's explanations do not compel a contrary result. *See Lata*, 204 F.3d at 1245. In the absence of credible testimony, in this case, Singh's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d

1153, 1156 (9th Cir. 2003).

In light of our conclusion regarding credibility, we do not reach the BIA's additional grounds for denying relief.

Singh's CAT claim also fails because it is based on the same testimony the agency found not credible, and Singh does not point to any evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See id*. at 1156-57.

Finally, we do not address Singh's contentions regarding issues the BIA did not rely on in denying relief. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.") (citation and internal quotation marks omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**