NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL SALVADOR TRUJILLO-BARDALAS, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   12-71205 <br><br> Agency No. A098-655-638 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Manuel Salvador Trujillo-Bardalas, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

We do not consider the new documents submitted as attachments to Trujillo-Bardalas' opening brief.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (court's review is limited to the administrative record).

Substantial evidence supports the BIA's determination that Trujillo-Bardalas failed to demonstrate a nexus between the harm he suffered and fears and a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground).  Thus, Trujillo-Bardalas' asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Trujillo-Bardalas failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Guatemala.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED.**

12-71205