**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BELICA YANIRA GUZMAN-ESCOBAR,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    15-71981

Agency No. A200-627-534

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Belica Yanira Guzman-Escobar, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in the petition for review.

The record does not compel the conclusion that Guzman-Escobar established extraordinary or changed circumstances to excuse her untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). Thus, Guzman-Escobar's asylum claim fails.

Guzman-Escobar does not challenge the agency's finding that she failed to establish past persecution, and substantial evidence supports the agency's conclusion that, even if Guzman-Escobar's family constitutes a particular social group, she failed to establish a nexus between the harm she fears and a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, her withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Guzman-Escobar failed to show it is more likely than not that she will be tortured

by or with the consent or acquiescence of the government of Guatemala.  *See Aden*

*v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED.**

3                                                    15-71981