**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN LUIS VASQUEZ PENA and FERNANDO RIGOBERTO VASQUEZ PENA, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   10-70395 <br><br> Agency Nos.   A096-360-117 <br> A096-360-163 <br> A097-351-683 <br> A097-351-684 <br> A097-351-685 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 10, 2017
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and GILLIAM,** District
Judge.

Brothers Juan Luis Vasquez Pena and Fernando Rigoberto Vasquez Pena

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Haywood S. Gilliam, Jr., United States District Judge
for the Northern District of California, sitting by designation.

(collectively, "Petitioners")[1] petition for review of the Board of Immigration Appeals's ("BIA") denial of their applications for asylum and withholding of removal. Petitioners argue that the BIA erred in two respects: first, by denying Petitioners' asylum claims because Petitioners failed to show "extraordinary circumstances" that excused their untimely applications; and second, by denying Petitioners' claims for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and **DENY** the petition.

1.    Substantial evidence supports the BIA's finding that Petitioners failed to show "extraordinary circumstances" that would excuse their untimely asylum applications under the statutory one-year filing deadline. *Al Ramahi v. Holder*, 725 F.3d 1133, 1134-35 (9th Cir. 2013); 8 U.S.C. §§ 1158(a)(2)(B), (D). Petitioners identify as extraordinary circumstances their "lack of financial resources" and inability to speak English. This court has previously held that a lack of English-language proficiency is not an extraordinary circumstance. *See Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091 (9th Cir. 2010). In addition, an individual's financial inability to retain legal counsel is not an "extraordinary circumstance" where "the petitioners could have filed asylum applications themselves, sought pro bono counsel or other assistance, or contacted immigration authorities." *Al Ramahi*, 725

---

[1] Petitioners clarified at oral argument that the claims of Luis Rigoberto Vasquez, Norma Patricia de Vasquez, and Luis A. Vasquez Barrientos are no longer before this court.

F.3d at 1139. The record supports that Petitioners could have taken any of those steps, but failed to do so.

2. "To qualify for withholding of removal, an alien must demonstrate that it is more likely than not that he would be subject to persecution" on the basis of race, religion, nationality, membership in a particular social group, or political opinion. *Al-Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001) (internal quotations and citations omitted); 8 U.S.C. § 1231(b)(3). Petitioners fail to make that showing. There is substantial evidence to support the BIA's finding that Petitioners did not face past persecution because the Guatemalan government was not "unable or unwilling" to control Petitioners' alleged persecutors. *See Afriyie v. Holder*, 613 F.3d 924, 930-32 (9th Cir. 2010); *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013).[2] The BIA found that the Guatemalan government (1) arrested a suspect connected to the events giving rise to Petitioners' alleged fears; (2) assigned a police detail for Petitioners' protection while Petitioners resided in Guatemala; and (3) placed Petitioners in a witness protection program when they felt unsafe so that they could live in the United States. The BIA also noted that Petitioners' family members "continue to reside in the same community in Guatemala, and have not received any threats or experienced harm" in ten years.

---

[2] Because the court finds that substantial evidence supports the BIA's finding that Petitioners were not subject to past persecution, the court need not determine whether Petitioners allege a cognizable social group. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017).

The record does not compel a conclusion contrary to that reached by the BIA. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). To the extent that Petitioners now argue that they independently fear future persecution, Petitioners waived that argument by failing to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**DENIED.**