**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIKUN HOU; SHANSHAN XU, | No. 17-71689 |
| Petitioners, | Agency Nos. A089-674-342 |
| v. | A200-841-386 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2020**
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and HILLMAN,***
District Judge.

Petitioners Jikun Hou and Shanshan Xu, Chinese nationals and citizens,

petition for review of a decision of the Board of Immigration Appeals ("BIA")

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

affirming a denial by an Immigration Judge ("IJ") of their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") arising out of Xu's contention that she was forced to obtain an abortion by Chinese authorities in 2004. We hold that we lack jurisdiction to review the agency's denial of Petitioners' asylum application as untimely, that substantial evidence supports the agency's adverse credibility finding, and that substantial evidence supports the agency's determination that Petitioners are not otherwise entitled to relief on their CAT and withholding of removal claims.[1]

Petitioners last arrived in the United States in March 2008. The operative application was filed in July 2011. Because Petitioners filed their asylum petition more than one year following their arrival in the United States, the petition was untimely absent a showing of extraordinary circumstances. *See Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090 (9th Cir. 2010) (per curiam); 8 U.S.C. § 1158(a)(2)(B), (D). Petitioners' challenge to the agency's determination that extraordinary circumstances did not excuse their failure to file within one year hinges on a factual dispute about the point at which Petitioners were able to file for asylum. In light of this fact dispute, we lack jurisdiction to review the agency's

---

[1] "Where, as here, the Board incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We refer to the BIA and the IJ collectively as "the agency."

extraordinary circumstances determination. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013).

Substantial evidence supports the agency's adverse credibility determination as to Xu. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (explaining that, in applying the substantial evidence standard, "[w]e reverse the BIA's decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that he was not credible'" (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003))). Record evidence permitted the IJ to find that Xu began her testimony reading from notes, was evasive under difficult questioning, was willing to misrepresent her address to immigration authorities, and failed to submit independent corroboration of her claims. Accordingly, substantial evidence in the record supports the IJ's finding that Xu was not credible. *See Bingxu Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014) ("Substantial evidence supports the agency's conclusion that Jin never resided in Tucson or Las Vegas, and that his motions to change venue to those locations were fraudulent. These misrepresentations of residence are relevant to Jin's credibility because they show Jin's purpose of forum shopping, and his dishonesty with the immigration court"). In light of the special deference to which immigration judges' findings are entitled, *see Kin*, 595 F.3d at 1056, Xu's alternative explanations for her conduct do not compel a contrary conclusion.

Once the adverse credibility determination is upheld, Petitioners' claims for withholding of removal and CAT relief fail. As Petitioners acknowledge, their challenge to the agency's denial of CAT relief rests entirely on the IJ's purported adverse credibility determination. The same is true of their withholding of removal claim to the extent it rests on Xu's testimony about a forced abortion. To the extent Petitioners argue that they are entitled to withholding of removal on other grounds, substantial evidence supports the agency's determination otherwise. Petitioners submitted only a generalized country report that fails to document any specific, individualized, non-speculative risk that Xu would face forced sterilization if she returned to China. This evidence is not sufficient to compel the conclusion that Xu was eligible for withholding of removal based on a clear probability of such treatment.

The petition for review is **DISMISSED** in part and **DENIED** in part**.**