**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIA RAMOS-LOPEZ; et al., | No. 19-70642 |
| Petitioners, | Agency Nos. A206-910-845 |
| v. | A206-910-846 |
| | A206-910-847 |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Elia Ramos-Lopez and her minor children, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and we deny the petition for review.

The record does not compel the conclusion that petitioners established changed or extraordinary circumstances to excuse their untimely asylum applications. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see also Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010).

Substantial evidence supports the agency's determination that petitioners failed to establish past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."). Substantial evidence also supports the agency's determination that petitioners failed to establish that the harm they fear would be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial."); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). Thus, petitioners' withholding of removal claim fails.

2                                                            19-70642

We do not reach petitioners' contentions that they established a cognizable particular social group because the BIA did not decide that issue. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (this court's review is limited to the actual grounds relied upon by the BIA).

Substantial evidence supports the agency's determination that in the absence of past persecution, petitioners failed to establish eligibility for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *see also Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999) (humanitarian asylum is "reserved for rare situations of atrocious persecution" (citation and internal quotation marks omitted)).

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**