NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX LOPEZ, | No. 19-70494 |
| Petitioner, | Agency No. A208-977-377 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2022
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and RESTANI,[**] Judge.

Petitioner Felix Lopez seeks review of a Board of Immigration Appeals (BIA)

dismissal of the appeal of the decision by the Immigration Judge (IJ) denying his

applications for asylum, withholding of removal, and voluntary departure.[1] We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[1] The BIA also observed that Petitioner conceded the untimeliness of his asylum application, and none of the circumstances offered in the record rise to the level of

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioner Felix Lopez is a native and citizen of El Salvador, where he used to work in La Paz as a bus fare collector. At some point in his career, gang members began extorting him. He alleges that once, when he could no longer pay their demanded "rent," he was struck in the right side of his rib cage and had to be taken to a clinic for medical care. Petitioner later moved from La Paz to San Salvador where he tended a parking lot. He alleges that gangsters collected "rent" from him there for an unidentified gang boss. After he could no longer pay them, Petitioner in April 2016 crossed the U.S. border where he was apprehended by border patrol officers.

When asked by immigration officials if he feared persecution or torture upon his return, he answered "No." But later, on June 13, 2016, in a credible fear interview, he stated he *did* fear returning based on threats allegedly received from gang members. The next day, he was issued a notice to appear (NTA) in detention with the date and time of his hearing marked "TBD." The NTA noted a favorable credible fear of persecution or torture, but charged Petitioner with removability for lacking proper papers when he entered. At a hearing on July 11, 2016, he admitted through counsel to the NTA's allegations and conceded removability. On May 10,

---

an "extraordinary circumstance" to excuse such lateness. *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090–92 (9th Cir. 2010).

2017, he applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). At a subsequent hearing on May 24, 2017, he conceded he had failed to file his asylum application within one year of his entry. He said this was because he had been in detention and had only recently hired an attorney. He submitted a statement that he was afraid of El Salvadoran crime, that he had received threats from gang members, that a gangster had put a gun to his head once, and that he once had to go to the hospital after being beaten.

At Petitioner's merits hearing on November 14, 2017, the IJ noted for clarification that Petitioner was seeking only withholding of removal, and Petitioner agreed. The social group indicated by Petitioner was "Salvadoran males who resisted extortion, extortion demands." At the conclusion of the merits hearing, the IJ denied Petitioner's applications in their entirety and ordered his removal. The BIA dismissed the appeal and issued a final order of removal on February 11, 2019. Petitioner timely petitioned for review. Petitioner now asks our court to remand for proceedings to grant asylum and withholding of removal and CAT relief.

"Whether a group constitutes a 'particular social group' … is a question of law we review de novo." *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010) (citation omitted). But whether an applicant has shown that his persecutor was or would be motivated by a protected ground—*i.e.*, whether the "nexus" requirement has been satisfied—is reviewed under the substantial evidence standard. *See*

3

*Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009). Under this deferential standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, to reverse the BIA's finding under substantial evidence review, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis in original).

Petitioner makes three arguments, which we conclude lack merit.

First, Petitioner asks our court to extend *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), to excuse his more than 1-year delay in filing for asylum. This relief is improperly requested for the first time before our court. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (exhaustion "generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below."). Petitioner also fails to proffer an "extraordinary circumstance" to excuse the late filing of his asylum application. *See Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091–92 (9th Cir. 2010). To the extent Petitioner argues that the agency lacked jurisdiction because of a defective notice to appear, that argument is foreclosed by our precedent. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

Second, Petitioner argues he established a nexus between the harm he suffered (and fears) and a protected ground, and that the BIA simply failed to discuss the

proposed social group he claims is systematically preyed upon by gangs: "Salvadoran males who resist gang extortion demands." To establish eligibility for withholding of removal, an alien must show that it is "more likely than not" that his "life or freedom would be threatened in th[e] [originating] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); 8 U.S.C. §§ 1231(b)(3)(A), (C). But Petitioner fails to show any nexus under 8 U.S.C. § 1158(b)(1)(B)(i): he fails to show that any harms he suffered at the hands of gangs were motivated *because of* a protected ground rather than general criminality. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). That the BIA did not expressly discuss whether Petitioner's particular social group is cognizable is thus irrelevant and immaterial to the BIA's valid determination on the nexus question.

Third, regarding CAT relief, Petitioner argues that the prevalence of gang-run "rent" rackets shows that police have acquiesced to criminals, that threats issued by extortionists amount to psychological torture, and that the agency failed to analyze how his past beating, his failure to relocate safely within El Salvador, and adverse country conditions all satisfy the CAT factors under 8 C.F.R. § 1208.16(c)(3). But the agency did consider those factors. To succeed on a claim under CAT, Petitioner must show it is "more likely than not that he … would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The record does not

5

compel the conclusion that the agency erred in determining that Petitioner failed to make this showing.

**PETITION DENIED.**